Citimortgage, Inc. v. Woods, No. 82-2-09 Wncv (Kupersmith, J., Nov. 3, 2011)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT

SUPERIOR COURT                                    CIVIL DIVISION
Washington Unit                                    Docket No. 82-2-09 Wncv

CITIMORTGAGE, INC.
        Plaintiff

        v.

DONNA WOODS,
        Defendant

## ENTRY ORDER

In February, 2009 Plaintiff Citimortgage filed this action to foreclose a mortgage it held on Defendant's home in Barre City. According to the Complaint, Defendant executed a promissory note on December 15, 2006 in favor of Corestar Financial Group, LLC ("Corestar"). The Complaint alleges that the note was secured by a mortgage deed to Mortgage Deed Electronic Registration Systems, Inc. ("MERS"). The Complaint further alleges that,

> Said Promissory Note and Mortgage Deed were assigned from Mortgage Electronic Registration Systems, as nominee for Corestar Financial Group, LLC to Citimortgage, Inc. by an instrument dated January 30, 2009 and recorded in the Barre Land Records on or about February 6, 2009.

Complaint, ¶ 6.

Defendant failed to serve an Answer to the Complaint. Accordingly, on August 13, 2009, Plaintiff filed a Motion for Default Judgment. The Court granted the motion by entry order dated January 4, 2010. On February 9, 2010, the Court issued its Judgment Order, Decree of Foreclosure and Order for Public Sale. Under the Order, Defendant's redemption period expired August 9, 2010. Thereafter, public sales were twice scheduled, but in each instance Plaintiff filed a Motion for Relief from Judgment,

requesting court permission to postpone the sale. As of this date, the premises have not been sold and Defendant continues to occupy them.

On June 21, 2011, Defendant filed a Motion to Vacate Judgment and Dismiss Foreclosure. In her motion, Defendant asserts that the action should be dismissed pursuant to V.R.C.P. 60(b)(4) and (6) "for lack of subject matter jurisdiction." Defendant also suggests that under V.R.C.P. 12(b)(1) and 12(h)(3), the action should be dismissed for lack of subject matter jurisdiction.

Defendant contends that the Court does not have subject matter jurisdiction unless the Plaintiff can prove that it has standing, that is, it "must have suffered a particular injury that is attributable to the defendant and that can be redressed by a court of law." *Bischoff v. Bletz*, 2008 VT 16, ¶15, 183 Vt. 235 (internal quotation and citation omitted). She claims that Plaintiff does not have standing because it has alleged only that the mortgage was assigned and not the underlying obligation. Defendant's Motion, June 21, 2011, p. 3. As demonstrated by paragraph 6 of the Complaint set forth above, Defendant's assertion is in error. Plaintiff's Complaint properly alleged that it did have standing to bring suit against Defendant. Defendant defaulted and never challenged Plaintiff's standing until now, 16 months after entry of judgment. Moreover, Defendant does not assert that she has proof that Plaintiff did not have standing.

Nevertheless, despite deficits in Defendant's motion, the question remains: does Plaintiff own the note and mortgage as it claimed? The Court infers that the reason why Plaintiff did not consummate the foreclosure sale (twice) is because Counsel could not comply with V.R.C.P. 80.1(g). As of the date of hearing on Defendant's motion, over ten months from the second scheduled date of sale, Counsel had still failed to comply with

2

the rule. In the mean time, Plaintiff's original Counsel withdrew from the case. If Defendant could demonstrate that Plaintiff was not entitled to bring this action, the Court would entertain a motion pursuant to V.R.C.P. 60(b)(3) or (4).

In view of the length of time that has transpired without progress since entry of judgment, the Court orders that Plaintiff produce the original note and mortgage deed, or certified copies thereof, as well as original documents, or certified copies thereof, demonstrating assignment of the same, on or before February 6, 2012. See V.R.C.P. 80.1(g)(2)(C). All further proceedings in this matter are stayed until there is compliance. V.R.C.P. 80.1(g)(2)(D). If Plaintiff is not able to comply by the time required, the Court will entertain a motion to dismiss.

Dated at Montpelier, Vt., November 3, 2011,

_____
Michael S. Kupersmith
Superior Judge

3